IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2079-D

GEORGE REYNOLD EVANS,               )
                                    )
                Petitioner,         )
                                    )
        v.                          )          **ORDER**
                                    )
LESLIE COOLEY-DISMUKES,             )
                                    )
                Respondent.         )

On April 8, 2025, George Reynold Evans ("Evans" or "petitioner"), a state inmate proceeding pro se, filed a writ of habeas corpus under 28 U.S.C. § 2254 [D.E. 1]. On June 11, 2025, the court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed the clerk to serve respondent with the petition [D.E. 8]. On August 20, 2025, respondent moved to dismiss the petition [D.E. 14], and filed a memorandum [D.E. 15] and exhibits in support [D.E. 15-2 through 15-6]. The same day, the court notified Evans about the motion, the consequences of failing to respond, and the response deadline [D.E. 16]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 5, 2025, Evans responded in opposition [D.E. 17]. On September 19, 2025, respondent replied [D.E. 18]. As explained below, the court grants respondent's motion to dismiss.

I.

In September 2013, Evans's estranged wife ("Audry") obtained "a domestic violence protective order that forbade him from visiting [her] home or workplace." State v. Evans, 258 N.C. App. 370, 810 S.E. 2d 417, 2018 WL 1162856, at *1 (Mar. 6, 2018) (unpublished table

opinion). The protective order remained in effect on March 29, 2014. See id. That day, Evans waited in the parking lot of Audry's workplace for her shift to conclude, shot her in the abdomen while she was sitting in her car, and used her car to drive away when she fled back into the restaurant where she worked. See id. The next day, Evans engaged law enforcement in a "high-speed chase." Id. Evans stopped only after his car ran out of gas. See id. When Evans exited the car, he held a gun in his hand and ignored officers' instructions to drop the gun. See id. "[O]fficers opened fire on" Evans before taking him into custody. Id.

At trial, Evans "moved to introduce video recordings from some of the vehicles of law enforcement officers who participated in the high-speed chase[,]" arguing that the evidence would "impeach the credibility of the officers that testified about the chase and subsequent confrontation." Id. at *2. The trial court excluded the video evidence as irrelevant. See id. On March 10, 2017, a jury convicted Evans of possession of a firearm by felon, two domestic violence protective order violations, assault by pointing a gun, assault with a deadly weapon with intent to kill inflicting serious injury, and discharge of a firearm into occupied property, and the trial court sentenced Evans to consecutive sentences totaling 238 to 319 months.[1] See id. at *3; see also Pet. [D.E. 1] 1. On appeal, Evans challenged the exclusion of the video evidence. On March 6, 2018, the North Carolina Court of Appeals found no error. See Evans, 2018 WL 1162856, at *3–4; Pet. at 2–3. Evans did not seek discretionary review in the Supreme Court of North Carolina. See Pet. at 2. On April 24, 2024, the state court reduced Evans's sentence to "a new total active sentence of 179 to 249 months in exchange for [Evans]'s agreement to not file any additional Motions For Appropriate Relief for any of the above-captioned matters and . . . to waive his right to appeal the

---

[1] "The State also charged Evans with drug offenses in a separate but related case." Evans v. Popkin, 267 N.C. App. 690, 833 S.E.2d 256, 2019 WL 4805212, at *1 (2019) (unpublished table opinion).

2

Court's imposition of the new total active sentence." [D.E. 15-5] 2 (state court order); see Pet. at 4–5.

On April 8, 2025, Evans filed the instant petition. Evans asserts four claims, all about the trial court's exclusion of the video evidence and his inability to impeach the credibility of the law enforcement officers who participated in the high-speed chase. See Pet. at 6–19. Respondent moves to dismiss the petition, arguing that Evans's claims are unexhausted and that he asserts violations of state law which are not cognizable on federal habeas review. See [D.E. 15] 5–9.

II.

A motion to dismiss under Rule 12(b)(6) tests a pleading's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–80 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). A motion to dismiss a section 2254 petition "tests the legal sufficiency of the petition, requiring the federal habeas court to assume all facts pleaded by the [section] 2254 petitioner to be true." Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009) (quotation omitted); see Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009).

To withstand a Rule 12(b)(6) motion, the petition "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (quotation omitted); see Twombly, 550 U.S. at 570; Giarratano, 521 F.3d at 302. In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as

3

true a petition's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a petitioner's factual allegations must "nudge[] [his] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79. A court may take judicial notice of public records. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Accordingly, the court looks to the record of the state habeas proceedings, including affidavits and evidence presented in such proceedings, as well as other matters of public record. See Cullen v. Pinholster, 563 U.S. 170, 180–81 (2011); Walker, 589 F.3d at 139.

Generally, a state prisoner must exhaust available remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 522 (1982); Hedrick v. True, 443 F.3d 342, 363–66 (4th Cir. 2006). Section 2254's exhaustion requirement demands that state prisoners give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). State prisoners must file petitions for discretionary review with the state supreme court when that review is part of the ordinary appellate procedure in the state. See id.; Hedrick, 443 F.3d at 364–65.

In North Carolina, a habeas petitioner may satisfy section 2254's exhaustion requirement by directly appealing his conviction to the North Carolina Court of Appeals and then petitioning the Supreme Court of North Carolina for discretionary review, or by filing a state post-conviction proceeding (such as a motion for appropriate relief) and petitioning the North Carolina Court of Appeals for a writ of certiorari. See N.C. Gen. Stat. §§ 7A-28(a), 7A-31, 15A-1415, 15A-1422. Evans did not file a petition for discretionary review with the Supreme Court of North Carolina.

4

Thus, he did not exhaust his claims through the direct review process. See O'Sullivan, 526 U.S. at 845. Evans's state post-conviction motions also failed to exhaust these claims. Therefore, the North Carolina courts have not had "one full opportunity to resolve [these] constitutional issues." O'Sullivan, 526 U.S. at 845. Furthermore, if Evans were to return to state court and attempt to raise these claims again through a motion for appropriate relief, they would be procedurally barred under N.C. Gen. Stat. § 15A-1419. Accordingly, Evans has procedurally defaulted these claims.

Evans has failed to show cause and prejudice or that failure to consider the claims in his petition will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 752–53 (1991); Wainwright v. Torna, 455 U.S. 586, 587–88 (1982) (per curiam); Ross v. Moffitt, 417 U.S. 600, 610–12 (1974); Lisenba v. California, 314 U.S. 219, 228 (1941); Barbe v. McBride, 521 F.3d 443, 452 (4th Cir. 2008); Spencer v. Murray, 5 F.3d 758, 762 (4th Cir. 1993). Accordingly, Evans's procedural default bars Evans's petition.

After reviewing the claims presented in Evans's petition, the court finds that reasonable jurists would not find the court's treatment of Evans's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

In sum, the court GRANTS respondent's motion to dismiss [D.E. 14], DISMISSES WITHOUT PREJUDICE petitioner's petition for a writ of habeas corpus as unexhausted [D.E. 1], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This _3_ day of February, 2026.

JAMES C. DEVER III
United States District Judge